UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAMAMIA PRODUCE, LLC,

    Plaintiff,

v.                                                                         Case No. 8:22-cv-974-KKM-SPF

FRESH FLORIDA PRODUCTS, INC.,
TAREQ M. DAMRA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 14). For the reasons set forth herein, it is recommended that the Motion be GRANTED.

### I. BACKGROUND

Between December 2, 2021 and January 10, 2022, Defendant Fresh Florida Products, Inc. ("Fresh Florida") purchased nine loads of wholesale produce ("Produce") from Plaintiff MammaMia Produce, LLC ("Plaintiff") having an aggregate value of $29,308.00 (Doc. 1, ¶ 6; Doc. 12-2, ¶ 8, Ex. 4). Fresh Florida and Plaintiff are engaged in buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce and were licensed under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 *et seq.*, at the time of the transactions at issue (Doc. 1, ¶¶ 3–4). Defendant Tareq M. Damra ("Damra") is a shareholder and officer of Fresh Florida who controlled the day-to-day operations of Fresh Florida (*Id.*).

Between December 2, 2021 and January 10, 2022, Plaintiff sold and delivered the Produce to Defendants (Doc. 1, ¶ 6; Doc. 12-2, ¶ 8, Ex. 4). Defendants received the shipments of Produce and accepted the Produce from Plaintiff (Doc. 1, ¶ 7; Doc. 12-2, ¶ 9). Defendants have failed to pay any portion of the aggregate principal amount of $29,308.00 due and owing for the Produce purchased (Doc. 1, ¶ 10; Doc. 12-2, ¶ 8). Plaintiff's invoices for the Produce sold and delivered to Defendants contained the statutory language required to preserve trust benefits pursuant to 7 U.S.C. §499e(c)(4) (Doc. 1, ¶ 9; Doc. 12-2, ¶ 10, Ex. 4). The invoices also provided for interest at 1.5% per month on past-due balances, as well as the recovery of attorney's fees and costs (Doc. 12-2, ¶ 11, Ex. 4; Doc. 1, ¶ 29). Plaintiff represents that it has accumulated interest in the amount of $2,620.17 and attorney's fees in the amount of $6,221.70 (Doc. 12-3; Doc. 15).

On April 27, 2022, Plaintiff filed its Complaint in this action against Defendants (Doc. 1). Plaintiff's Complaint brings five claims pursuant to PACA: (1) Failure to Pay Trust Funds, (2) Failure to Pay for Goods Sold, (3) Failure to Make Prompt Payment, (4) Unlawful Dissipation of Trust Assets by a Corporate Official, and (5) Interest and Attorneys' Fees. Defendant Fresh Florida was served with a copy of the Summons (Doc. 4), Civil Cover Sheet (Doc. 1-1), Corporate Disclosure Statement (Doc. 2), and Complaint (Doc. 1) on May 3, 2022 (Doc. 7). Accordingly, Fresh Florida's deadline to file a responsive pleading was May 24, 2022. Defendant Damra was served with the same documents on May 11, 2022, making his deadline to file a responsive pleading June 1, 2022. After Defendants failed to file responsive pleadings, on June 15, 2022, Plaintiff filed a Request for Entry of Default as to All Defendants

(Doc. 8). On June 16, 2022, the Clerk entered defaults against Defendants (Docs. 8, 9).[1] Plaintiff now seeks a final default judgment against Defendants on Counts I, IV, and V of the Complaint.

## II.   STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). As such, if well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Id*. If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper. Fed. R. Civ. P. 55(b)(2). Damages may be awarded "without a hearing [if the] amount claimed is a

---

[1] Plaintiff has declared that Defendant Damra is not a minor, incompetent to proceed, or a member of any of the United States' armed forces. (Doc. 15, ¶ 5; Doc. 15-1).

3

liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is not necessary if sufficient evidence is submitted to support the request for damages).

### III. DISCUSSION

#### A. *Liability*

"Congress enacted the PACA in 1930 'to deter unfair business practices and promote financial responsibility in the perishable agricultural goods market.'" *Karpos Prods., LLC v. Paradise Produce, LLC*, No. 6:19-cv-2062-Orl-28GJK, 2020 WL 9454958, at *2 (M.D. Fla. Feb. 19, 2020) (quoting *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 419 (3d Cir. 2005)), *report and recommendation adopted*, 2020 WL 9454934 (Mar. 12, 2020). "The Act requires licensing of all entities qualifying as commission merchants, dealers, and brokers in perishable agricultural commodities, and provides for various remedies that may be enforced either through a complaint filed with the Secretary of Agriculture, or through an action in any court of competent jurisdiction." *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (quoting *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1066–67 (2d Cir. 1995)). The Act also requires produce dealers to make "full payment promptly" for any produce they purchase. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990); 7 U.S.C. § 499b(4).

"The Act also provides that in interstate transactions involving agricultural commodities, those commodities or their proceeds 'shall be held by such commission

4

merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.'" *Country Best*, 361 F.3d at 632 (quoting 7 U.S.C. § 499e(c)(2)) (emphasis omitted). The trust provision was added to PACA in 1984 to increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities. *See Red's Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339, 1342 (M.D. Fla. 2002) ("In 1984, troubled by the practices of some dealers, Congress amended the Act, adding section 499e(c)(2), which provides additional protection for the sellers of fruits and vegetables."); *see also Frio Ice*, 918 F.2d at 159 ("[T]he central purpose of Section 4999e(c) is to ensure payment to trust beneficiaries"). In other words, PACA imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agriculture merchants, dealers, and brokers. *See* 7 U.S.C. § 499e(c)(2); *see also Frio Ice*, 918 F.2d at 159 ("[T]he statute permits a PACA trust to exist as a nonsegregated floating trust that permitted commingling of assets.") (citations omitted). Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §§ 499(b)(4).

Produce suppliers must provide notice to the buyer of their intent to preserve trust benefits, and licensed dealers may do so by including specific language on the face their invoices. *See* 7 U.S.C. §§ 499e(c)(3)–(4). Specifically, each invoice must include the terms of payment and the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other

> products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4); 7 C.F.R. § 46.46(f)(3).  PACA regulations require that payment be made within ten days after the produce is accepted, but permit the parties to agree to a longer term provided that term is no longer than thirty days.  *See* 7 C.F.R. § 46.2(aa)(5); 7 C.F.R. § 46.46(e)(2).  Parties who elect to use different times for payment must reduce their agreement to writing.  7 C.F.R. § 46.46(e)(1).

Here, Plaintiff has sufficiently alleged that it has valid claims under the provisions of PACA.  Plaintiff alleges that it provided the Produce to Fresh Florida, and that the Produce was shipped in interstate commerce (Doc. 1, ¶¶ 6–7; Doc. 12-2, ¶¶ 8–9).  The invoices sent to Fresh Florida include the above-referenced statutory language required to provide notice to Fresh Florida of its intent to preserve trust benefits (Doc. 1, ¶ 9; Doc. 12-2, ¶ 10, Ex. 4).  The invoices provide that payment is due within twenty-eight days, and are accordingly within the scope of PACA regulations (Doc. 12-2, ¶ 10, Ex. 4).  Fresh Florida failed to pay for the Produce (Doc. 1, ¶ 10; Doc. 12-2, ¶ 8).  This is sufficient to establish that Fresh Florida is a "dealer"[2] under PACA and that Plaintiff is a PACA trust beneficiary entitled to full payment of the sums owed to it in connection with the subject transactions.  *See Karpos Prods.*, 2020 WL 9454958, at *3.

As set forth above, Plaintiff's Complaint brings five claims under the protective umbrella of PACA.  Plaintiff now moves for default judgment on Counts I, IV, and V.  In Count I of the Complaint, Plaintiff seeks to hold Fresh Florida and Damra liable for "failure

---

[2] A "dealer" is defined as "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce . . . ." 7 U.S.C. § 499a(b)(6).

6

to pay trust assets." Under PACA, produce dealers must make "full payment promptly" for any produce they purchase. 7 U.S.C. § 499b(4). As set forth above, "full payment promptly" refers to payment within ten days unless the parties have agreed otherwise. Here, the parties agreed that payment would be made within twenty-eight days. Fresh Florida failed to pay for the Produce. Accordingly, Plaintiff is entitled to default judgment against Fresh Florida with respect to Count III of the Complaint.

In Count IV of the Complaint, Plaintiff seeks default judgment against Defendant Damra for unlawful dissipation of trust assets by a corporate official. "The extension of liability to those in control of the trust assets is reasonable and necessary in order to enforce the goals of Congress in establishing the statutory trust. If liability were limited to corporate dealers, the intent of the federal statute to protect consumers and sellers of produce would be easily frustrated." *Red's Market*, 181 F. Supp. 2d at 1343; *see also Weyand & Son, Inc. v. Guzman*, No. 8:14-cv-312-T-33TBM, 2014 WL 1452826, at *2 (M.D. Fla. Apr. 11, 2014) ("[I]t is appropriate to impose personal liability on shareholders, officers, and directors of corporate buyers who are in a position to control PACA trust assets and fail to maintain the assets.") (quotations omitted). To determine whether an individual may be held liable under the trust provisions of PACA, courts look to whether the individual holds a position that suggests a possible fiduciary duty (such as an officer, director, or controlling shareholder) and whether that individual's involvement with the corporation establishes that he or she was actually able to control the assets at issue. *Karpos Prods.*, 2020 WL 9454958, at *3 (citing *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 172 (3d Cir. 2010)).

Here, Plaintiff has alleged that Damra is an "owner, officer, manager, and/or director of Fresh Florida who operated Fresh Florida during the period of time in question" and "was

7

in a position of control over the PACA trust assets belonging to Plaintiff." (Doc. 1, ¶ 22). Mr. Allen's declaration also states that Damra "is the owner and officer" of Fresh Florida, and is listed as the principal of Fresh Florida on its PACA license (Doc. 12-2, ¶ 5, Ex. 2). This is sufficient to show that Damra owed a statutory fiduciary duty to Plaintiff to ensure that Fresh Florida maintained and preserved sufficient PACA trust assets to pay all trust beneficiaries, and that Damra breached this fiduciary duty. *See Karpos Prods.*, 2020 WL 9454958, at *3. As a result, Plaintiff is entitled to default judgment on Count IV of the Complaint.

In Count V, Plaintiff seeks interest and attorney's fees from Defendants. PACA provides that the proceeds of any agricultural products shall be held in trust for the benefit of all unpaid sellers "until full payment of the sums owing in connection with such transactions has been received" by such unpaid sellers. 7 U.S.C. § 499e(c)(2). Courts have interpreted this provision to include interest and attorney's fees provided for in the parties' agreements. In *Country Best v. Christopher Ranch, LLC*, the Eleventh Circuit stated:

> Had Congress intended to limit PACA claims solely to the price of the commodities, it could have inserted language reflecting that limitation in 7 U.S.C. § 499e(c)(2). Instead, it chose to allow "*full payment of the sums owing in connection with [commodities] transactions.*" This unambiguously encompasses not only the price of commodities but also additional related expenses. Such related expenses include attorney fees and interest that buyers and sellers have bargained for in their contracts.

361 F.3d 629, 632 (11th Cir. 2004) (emphasis in original). The court then explained that "sellers and buyers remain free to negotiate and enforce contract terms and to enforce those terms within the context of the trust established by PACA." *Id.* at 633.

Plaintiff's invoices contain a provision entitling it to recover interest at the rate of 1.5% per month (or 18% per annum), on any unpaid balance, along with any collection costs

including attorney's fees incurred in collecting any balance due (Doc. 1, ¶ 29; Doc. 12-2, ¶ 11, Ex. 4). Accordingly, Plaintiff has established entitlement to attorney's fees and interest.

      B. *Damages*

An evidentiary hearing on the issue of damages is not necessary because the record is sufficient to calculate Plaintiff's damages. Plaintiff's invoices are attached to its Complaint and Motion for Default Judgment. Plaintiff also includes the declaration of Gary Allen, its Vice President, who states that the invoices and bills of lading attached to his declaration are made in the ordinary course of business and are made "at or near the time the occurrence of the event of which they are a record" (Doc. 12-2, ¶ 6). Mr. Allen's declaration also states that his responsibilities as Vice President include monitoring the sales of produce and supervising the accounts receivable of those sales, and that he was also responsible for supervising the collection of receivables from the subject transactions with Fresh Florida (*Id.*, ¶ 7). The invoices reflect that the amounts due for the nine shipments of Produce are $3,792.00, $2,112.00, $2,496.00, $2,688.00, $4,224.00, $5,636.00, $2,696.00, $2,688.00, and $2,976.00 (Doc. 12-2, Ex. 4). Thus, the undersigned recommends that the Court award Plaintiff damages in the amount of $29,308.00.

As set forth above, Plaintiff is also entitled to interest and attorneys' fees. Plaintiff has calculated the accrued interest based on the number of days the invoice balances are overdue as $2,620.17 (Doc. 13-3, Ex. 1). The undersigned recommends awarding the prejudgment interest in the amount of $2,620.17. With respect to attorneys' fees, Plaintiff submits the declarations of Attorney Marc P. Barmat (Doc. 12-4) and Attorney Mary Jean Fassett (Doc. 12-3) providing that it is entitled to attorneys' fees and expenses in the amount of $6,221.70. Attorney Marc P. Barmat of the law firm Furr and Cohen, P.A. billed at an hourly rate of

$400.00 per hour, and a staff member billed at an hourly rate of $100.00 (Doc. 15; Doc. 15-3). Attorney Mary Jean Fassett from the law firm of McCarron & Diess billed at an hourly rate of $325.00 per hour (and at a reduced rate of $165.00 per hour when she performed work that was paralegal in nature) (Doc. 12-3). Attorneys Gregory A. Brown and Louis W. Diess, III from McCarron & Diess billed at a rate of $425.00 per hour and $450.00 per hour, respectively (*Id.*). The Court finds that these rates are reasonable. Counsel asserts that a total of 18.1 hours were billed on the case (Doc. 12-3; Doc. 15). The hours include some clerical tasks not normally permitted to a prevailing party, however PACA's coverage is broader and the hours are otherwise reasonable (*Id.*). The Court will permit the requested attorney's fees.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's Amended Motion for Default Judgment Against All Defendants (Doc. 14) be GRANTED.
2. The Court direct the Clerk to enter a final default judgment in favor of the Plaintiff on Counts I, IV, and V of the Complaint.
3. Plaintiff be awarded $29,308.00 in damages, plus $2,620.17 in pre-judgment interest and $6,221.70 in attorney's fees against Defendants Fresh Florida and Damra, jointly and severally.
4. The Court direct the Clerk to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on October 13, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.